# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KASKASKIA ENGINEERING GROUP, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TODD REYLING, et al., ) <br> ) <br> Defendants. ) | Case No. 3:16 CV 905 RJD |

## MEMORANDUM AND ORDER

**DALY, Presiding Judge:**

This matter comes before the Court on Plaintiff's Motion for Judgment on the Pleadings. (Doc. 34.) On August 11, 2016, Plaintiff commenced this action against Defendants Todd Reyling and Reyling Design and Consulting, LLC ("Reyling Design"), alleging violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.* ("CFAA"), and state law claims, including violations of the Illinois Trade Secrets Act, breach of duty of loyalty, tortious interference with business expectancy, and violations of the Illinois Uniform Deceptive Trade Practices Act. (Doc. 1.) On July 11, 2017, Plaintiff filed the instant motion for judgment on the pleadings with respect to the claims that Defendant Todd Reyling violated the CFAA (Count I) and breached a duty of loyalty (Count III). (Doc. 34.) Defendants respond that they do not contest judgment as to liability on Counts I and III but that an award of compensatory damages, punitive damages, and injunctive relief would be premature. (Doc. 40.)

## Background

The pleadings, viewed in the light most favorable to Defendants, indicate that the following occurred. (Docs. 1, 29.) On April 14, 2010, Todd Reyling commenced his

employment with Plaintiff as a project manager. On May 19, 2016, Todd Reyling voluntarily resigned. Prior to his resignation, Todd Reyling started Reyling Design, a professional design firm in direct competition with Plaintiff. In May 2016, Plaintiff discovered that Todd Reyling had accessed, misappropriated, and deleted Plaintiff's computer files without authorization, which caused damage to Plaintiff, including more than $5000 to investigate Todd Reyling's unauthorized access.

## Standard of Review

The Federal Rules of Civil Procedure allow parties to move for judgment on the pleadings. Fed. R. Civ. P. 12(b)(c). A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989). More specifically, the court must view all of the facts in a light most favorable to the non-moving party, *National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987), and may only grant the motion if it is beyond doubt that the non-movant can plead no facts that would support her claim for relief. *Thomason*, 888 F.2d at 1204. The district court may not look beyond the pleadings, and all uncontested allegations to which the parties had an opportunity to respond are taken as true. *Flora v. Home Federal Savings and Loan Ass'n*, 685 F.2d 209, 211 (7th Cir. 1982).

## Discussion

Plaintiff argues that it is entitled to judgment on the pleadings with respect to Count 1, which alleges that Defendant Todd Reyling violated the CFAA. The Act generally prohibits individuals from intentionally accessing computers without authorization to obtain information. 18 U.S.C. § 1030(a)(2), (e)(2); *Worldspan, L.P. v. Orbitz, LLC*, 2006 WL 1069128, at *3 (N.D. Ill. 2006). The Act allows a private cause of action if the offense caused a loss of more than

$5000 to a person during any 1-year period. 18 U.S.C. § 1030(c)(4)(i)(I), (g). Because Defendant Todd Reyling's pleadings concede the essential elements of Plaintiff's claim under the CFAA, the Court grants Plaintiff's Motion for Judgment on the Pleadings as to liability on Count 1.

Plaintiff argues that it is entitled to judgment on the pleadings with respect to Count III, which alleges that Defendant Todd Reyling breached his duty of loyalty owed to Plaintiff as a consequence of their employment relationship. "[A]n employee may legitimately go so far as to form a rival corporation and outfit it for business while still employed by the prospective competitor. *Cross Wood Prod., Inc. v. Suter*, 422 N.E.2d 953, 956–57 (Ill. App. Ct. 1981). "However, the employee may not go beyond such preliminary competitive activities and commence business as a rival concern while still employed." *Id.* "To do so is a breach of the employee's common law fiduciary duty of loyalty to his employer, and gives rise to a cause of action, the remedies for which could include entry of an injunction restraining such competition." *Id.*

Defendants concede that Todd Reyling owed and breached a duty of loyalty that caused damage to Plaintiff, but Defendants deny the allegations that detail the manner in which Todd Reyling breached the duty of loyalty. Despite this lack of detail, the Court finds that the pleadings establish the essential elements of Plaintiff's claim that Defendant Todd Reyling breached the duty of loyalty. Accordingly, the Court grants Plaintiff's Motion for Judgment on the Pleadings as to liability on Count 3.

Plaintiff requests an entry of an award of compensatory damages, injunctive relief, and punitive damages. Defendants argue that such an award would be premature because the pleadings do not establish the amount of compensatory damages or Plaintiff's entitlement to

injunctive relief and because whether Plaintiff is entitled to any punitive damages is a question for the factfinder. The Court agrees that significant questions remain with regard to the appropriate remedies for Counts I and III and that an entry of an award of compensatory damages, punitive damages, and injunctive relief would be premature at this stage of the proceedings.

## Conclusion

Based on the foregoing, Plaintiff's Motion for Judgment on the Pleadings (Doc. 34) is GRANTED with respect to liability on Counts I and III but DENIED in all other respects. At the conclusion of this case, judgment on Counts I and III will be entered in favor of Plaintiff Kaskaskia Engineering Group, LLC, and against Defendant Todd Reyling.

**SO ORDERED.**

**DATED: October 2, 2017**  *s/ Reona J. Daly*
UNITED STATES MAGISTRATE JUDGE